## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BERTEAMIA LUCAS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION 09-0124-WS-M** |
| | ) |
| **SHIV BUSINESS, LLC, etc., et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for default judgment as to defendant Shiv Business, LLC ("Shiv"). (Doc. 10). The motion, supporting affidavits and other documents reflect that Shiv was properly served with process on June 10, 2009, and the record is clear that Shiv has failed to plead or otherwise defend within the time provided by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Accordingly, the Clerk is directed to enter default against Shiv pursuant to Federal Rule of Civil Procedure 55(a).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original). The Court's review of the complaint confirms that this standard is met.

The complaint alleges that Shiv is liable under Title VII for a sexually hostile work

environment practiced by co-defendant Jaanakkumar Patel, for terminating the plaintiff because of her race, and for terminating her in retaliation for opposing unlawful discrimination in the workplace.  These are all valid causes of action, and the complaint provides allegations plausibly supporting each of them.  The same is true of the plaintiff's claims under Section 1981 and under state law for assault and battery, invasion of privacy, and outrage, all of which are based on Patel's conduct.

The plaintiff requests the Court to enter a default judgment and to set the matter for trial to determine damages.  (Doc. 10 at 2).  She does not explain how the Court can enter judgment before damages are determined, and the Court declines to do so. Nor does she explain why the Court should conduct a hearing or trial as to Shiv, only to repeat the process with respect to co-defendant Patel.  The Court declines to schedule a hearing as to Shiv before the plaintiff's claims against Patel are either dismissed, ready for trial, or subject to default judgment.

The complaint was filed March 10, 2009.  Because the plaintiff has not demonstrated good service on Patel, she is **ordered** to show cause, on or before **August 4, 2009**, why her action as to Patel should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

For the reasons set forth above, the plaintiff's motion for default judgment is **granted**.  Judgment shall be entered after damages are established.

DONE and ORDERED this 20th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE